## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: SANDRO GALLARDO | | |
| NORMA GALLARDO, | ) | |
| | ) | NO. 11 B 28295 |
| | ) | |
| Debtors | ) | |
| | ) | |
| | ) | Chapter 13 |
| SANDRO GALLARDO | ) | |
| NORMA GALLAROD, | ) | |
| | ) | |
| Plaintiffs | ) | Honorable Judge Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A. | ) | ADV. NO 11-01825 |
| | ) | |
| Defendant | ) | |

### FINDINGS OF FACTS AND CONCLUSIONS OF LAW

On August 31, 2011, Sandro and Norma Gallardo ("Plaintiffs") filed a adversary

complaint pursuant to 11 U.S.C §§ 506 (a) and (d) and Federal Bankruptcy Rule 3012 to

Determine the Value of Security and Strip Off Defendant's Underlying Lien Against Plaintiffs'

Primary Residence.  The Court, after proper notice to Defendant, having reviewed and

considered the Complaint and Exhibits and being fully advised in the premises, and having enter

and Order of Default and Order of Default Judgment, now makes and enters the following

Findings of Facts and Conclusions of Law and separately enters judgment in favor of Plaintiffs

in this matter.

## FINDINGS OF FACT

1. Plaintiffs are the owners of improved parcel of residential real estate commonly known as 5515 N. Sawyer, Chicago, Illinois 60625 ("Subject Real Estate").

2. The Subject Real Estate is the Plaintiffs' primary residence.

3. A professional real estate evaluation ("Evaluation") was conducted by a licensed real estate professional, Jacqueline Betancourt, a Remax agent. Said Evaluation was properly attached to the Complaint. The Evaluation concluded that the fair market value of the Subject Real Estate was $209,900 on July 8, 2011, the date the Plaintiffs filed their Chapter 13, otherwise known as 11 B 28295.

4. TCF Banking & Savings held a first mortgage lien against Subject Real Estate in the approximate amount of $220,052 July 8, 2011, the date the Plaintiffs filed their Chapter 13, otherwise known as 11 B 28295. The TCF Banking & Savings mortgage lien was recorded with the Cook County Recorder of Deeds.

5. TCF Banking & Savings also held a second mortgage lien against Subject Real Estate with an approximate amount of $25,052 on July 8, 2011, the date the Plaintiffs filed their Chapter 13, otherwise known as 11 B 28295. Defendant's lien was recorded with the Cook County Recorder of Deeds.

6. JPMorgan Chase Bank, N.A. ("Defendant") held a third mortgage lien against Subject Real Estate with an approximate amount of $84,000 at the time Plaintiffs filed their Chapter 13, otherwise known as 11 B 28295. Defendant's lien was recorded with the Cook County Recorder of Deeds.

7. On July 8, 2011, the amounts due and owing on the TCF Banking & Savings' first and second mortgage liens exceeded the value of the Subject Real Estate.

8.  The Plaintiffs' Chapter 13 plan provides that the Defendant's claim will be treated as an unsecured non-priority claim.

## CONCLUSIONS OF LAW

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 151, & 157, in that this action arises in and relates to Bankruptcy Case No. 11 B 28295, *In re Sandro and Norma Gallardo* presently before this Court.

2.  This is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(k), 11 U.S.C §§ 506 (a) and (d), and Federal Bankruptcy Rule 3012 to Determine the Value of Security and Strip Off Defendant's Underlying Lien Against Plaintiffs' Primary Residence.

3.  Pursuant to 11 U.S.C § 1322(b), a lien upon a residential real estate which is the Debtor's primary residence cannot be modified. However, where the junior mortgage is wholly unsecured, it should not be allowed as a secured claim, and that the mortgage lien may be stripped off. *In re Havel*, 2002 WL 31944059 (Bankr. S.D. Ill. 2002); *In re Mann*, 249 B.R. 831, 840 (1st Cir. BAP 2000); *In Re Pond*, 2001 252 F.3d 122 (2nd Cir. 2001); *In Re MacDonald*, 205 F. 3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Assoc.*, 212 F. 3d 277 (5th Cir. 2000); *In Re Lam*, 211 B.R. 36 (9th Cir. BAP 1357); *In Re Tanner*, 217 F. 3d 1357 (11th Cir. 2000). As of July 8, 2011, when the Plaintiffs filed their Chapter 13, otherwise known as 11 B 28295, the amount due and owing on TCF Bank & Savings first and second mortgage liens exceeded the value of the Subject Real Estate; therefore the Defendant's third mortgage lien is wholly unsecured and may be avoid and cancelled.

4. Pursuant 11 U.S.C § 506, the Defendant's third mortgage lien has been proven to be wholly unsecured, and therefore will be treated as an unsecured non-priority claim in Plaintiffs' Chapter 13 plan.

5. Defendant's secured claim against Plaintiffs' primary residence, otherwise known as 5515 N. Sawyer, Chicago, Illinois 60625, is valued at zero.

6. The Plaintiffs are entitled to a Judgment Order declaring that upon successful completion and entry of discharge in Plaintiffs' Chapter 13, Defendant's lien will be rendered null and void with no further legal effect.

7. The Court reserves jurisdiction to enforce the terms of this order.

DATE:  1/26/12

ENTER:

Honorable Jack B. Schmetterer

United States Bankruptcy Judge

JAN 26 2012

Prepared by:

Mohammed Badwan, Esq. # 6299011
Counsel for Plaintiffs
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax (630)575-8188